IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT ALLEN,
Petitioner,

vs. Case No.: 3:10cv226/LAC/EMT

KENNETH S. TUCKER,[1]
Respondent.
_____________________________________/

**ORDER and REPORT AND RECOMMENDATION**

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer and relevant portions of the state court record (doc. 13). Petitioner filed a reply (doc. 16).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I. BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 13).[2] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2006-CF-4462, with one count of aggravated battery upon a law enforcement officer, firefighter, or emergency medical care provider (Count 1), one count of battery on a law

---

[1] Kenneth S. Tucker succeeded Edwin G. Buss, who succeeded Walter A. McNeil, as Secretary for the Department of Corrections. Secretary Tucker is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 13). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

enforcement officer (Count 2), and one count of resisting an officer with violence (Count 3) (Ex. A at 4–5). At the beginning of Petitioner's jury trial, on April 9 and 12, 2007, the State announced a nolle prosequi as to Count 2 (Ex. B at 49). Petitioner was subsequently acquitted on Count 1 and found guilty of resisting an officer with violence on renumbered Count 2 (originally Count 3) (Ex. A at 28–29, Ex. B). On May 30, 2007, Petitioner was adjudicated guilty and sentenced as a habitual felony offender to ten (10) years of imprisonment with pre-sentence credit of 210 days (Ex. A at 57–71).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-3201 (Ex. D). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (*id.*). On July 28, 2008, the First DCA affirmed the judgment per curiam without written opinion, with the mandate issuing August 25, 2008 (Ex. F). Allen v. State, 987 So. 2d 1212 (Fla. 1st DCA 2008) (Table). Petitioner did not seek further review.

On February 2, 2009, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D08-6198, alleging ineffective assistance of appellate counsel (Ex. G). The First DCA denied the petition on the merits on January 13, 2009, and denied Petitioner's motion for rehearing on April 7, 2009 (Exs. H, I). Allen v. State, 6 So. 3d 54 (Fla. 1st DCA 2009) (Table).

On December 16, 2008, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. J at 1–10). The state circuit court summarily denied the motion on October 28, 2009 (*id.* at 31–37). Petitioner appealed the decision to the First DCA, Case No. 1D10-0107 (*id.* at 73). The First DCA affirmed the decision per curiam without written opinion on February 25, 2010, with the mandate issuing March 23, 2010 (Exs. K, L). Allen v. State, 29 So. 3d 1119 (Fla. 1st DCA 2010) (Table).

Petitioner filed the instant federal habeas action on June 21, 2010 (doc. 1).

## II. STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As

the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing

[3] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an

unreasonable application of a legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 786–87 (Jan. 19, 2011)). The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See* Gill, *supra* at 1291 (citing Harrington, 131 S. Ct. at 786). Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 131 S. Ct. at 786; *see also* Gill, *supra*, at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits

in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill, 2010 WL 609844, at *18. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. *Id.*

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Within this framework, the court will review Petitioner's claim.

III. PETITIONER'S CLAIM

Ground One: "Mr. Allen was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution."

Petitioner contends defense counsel was ineffective for failing to object to the following comments of the prosecutor during closing argument, on the ground that the comments violated a pre-trial order and constituted improper vouching:

> [MS. SMITH, THE PROSECUTOR]: Now, this is the only time I have to respond to what Mr. Rollo [defense counsel] said so I'm going to make some brief responses. It is absolutely right that you have to weigh the facts of the case, what is credible to you and what is not, what means more to you and what doesn't and no matter what Mr. Rollo and I tell you, it is what how [sic] you weigh it that is the most important. As I said, we have a six time convicted felon versus five law enforcement officers and I call the crime scene officers law enforcement.
>
> MR. ROLLO: I'm going to object. That is not the purpose of the impeachment of the prior convictions [sic]. It is not a weighing in that sense and that is improper argument.
>
> THE COURT: Noted, overruled.
>
> MS. SMITH: We have three law enforcement officers including some crime scene officers. All five of those officers take their job very seriously.
>
> MR. ROLLO: I object to the bolstering.
>
> THE COURT: Disregard the last comment about taking things seriously.

(doc. 1 at 3–4; doc. 16 at 1–2).[4] Petitioner contends if counsel had objected to the comments and made a motion for mistrial, the trial court would have immediately stopped the prosecutor's improper comments, or the issue would have been properly preserved for direct appeal (*id.*).

Respondent contends Petitioner failed to show that the state court's adjudication of the claim was based upon an unreasonable determination of the facts, or contrary to or an unreasonable application of clearly established federal law (doc. 13 at 3–9).

A. Clearly Established Federal Law

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). To obtain relief under Strickland, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's

[4] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

deficient performance, the result of the proceeding would have been different. *Id.* at 687–88. If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697.

"The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). The focus of inquiry under the performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688–89. "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. If the record is not complete regarding counsel's actions, "then the courts should presume 'that what the particular defense lawyer did at trial—for example, what witnesses he presented or did not present—were acts that some lawyer might do." Jones, 436 F.3d at 1293 (citing Chandler, 218 F.3d at 1314–15 n.15). Furthermore, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). Counsel's performance is deficient only if it is "outside the wide range of professional competence." Jones, 436 F.3d at 1293 (citing Strickland, 466 U.S. at 690); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). "[T]here are no 'absolute rules' dictating what reasonable performance is . . . ." Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir. 2005) (quoting Chandler, 218 F.3d at 1317). Indeed, "'[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions.'" *Id.* (quoting Putman v. Head, 268 F.3d 1223, 1244 (11th Cir. 2001)).

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. *See* Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Id.* (quoting Strickland, 466 U.S. at 693).

However, the Court has also clarified that a petitioner need not demonstrate it "more likely than not, or prove by a preponderance of evidence," that counsel's errors affected the outcome. Strickland, 466 U.S. at 693–94. Instead,

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694. Indeed, it would be "contrary to" the law clearly established in Strickland for a state court to reject an ineffectiveness claim for failing to prove prejudice by a preponderance of the evidence. Williams v. Taylor, 529 U.S. at 405–06.

The prejudice assessment does "not depend on the idiosyncracies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. Strickland, 466 U.S. at 694–95. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Further, when the claimed error of counsel occurred at the guilt stage of trial (instead of on appeal), Strickland prejudice is gauged against the outcome of the trial, not on appeal. *See* Purvis v. Crosby, 451 F.3d 734, 739 (11th Cir. 2006) (citing Strickland, 466 U.S. at 694–95).

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. Strickland, 466 U.S. at 698; Collier v. Turpin, 177 F.3d 1184, 1197 (11th Cir. 1999).

B. Federal Review of State Court Decision

Petitioner raised this claim as Ground III in his Rule 3.850 motion (Ex. J at 6–9). The state circuit court adjudicated the claim as follows:

> Defendant claims that the prosecutor violated a motion in limine precluding any mention of Defendant's "court history"[FN 8: reference to defense's motion in limine] when she said in closing arguments that Defendant was a "six time convicted felon."[FN 9: reference to trial transcript] Additionally, Defendant claims that the State improperly bolstered the credibility of the police officer witnesses by commenting "they take their job very seriously." Defendant alleges that defense counsel was deficient for not making a motion for mistrial at that time.

> "A party may attack the credibility of any witness, including an accused by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of one year." See Section 90.610, Florida Statutes. Defendant's testimony opened the door for the State's impeachment of Defendant's credibility based on his prior felonies because Defendant chose to testify. Defendant actually testified himself that he had six prior felony convictions by way of anticipatory rehabilitation.[FN 10: reference to trial transcript] Consequently, Defendant was not prejudiced by the comments made in the State's closing. Furthermore, counsel objected to the prosecutor's statement that the police witnesses "take their job very seriously," and the Court instructed the jury to disregard the comment.[FN 11: reference to trial transcript] The Court would not have granted a mistrial on that basis. As counsel was not deficient for not making a motion that was not likely to be successful, Defendant is not entitled to relief.

(Ex. J at 36–37). The First DCA affirmed the circuit court's decision without a written decision (Ex. K).

Initially, the state circuit court identified the two-pronged Strickland standard as the correct legal standard applicable to Petitioner's claim (Ex. J at 31–32). Additionally, Petitioner has failed to rebut the state court's factual findings with clear and convincing evidence. Therefore, the following factual findings are presumed correct: (1) Petitioner raised the issue of his prior convictions by testifying, on direct examination, that he had six prior felony convictions (*see* Ex. B at 170); and (2) defense counsel objected to the prosecutor's statement that the police witnesses "take their job very seriously," on the ground that is was improper bolstering, and the trial court instructed the jury to disregard the comment (*id.* at 232). Petitioner thus is entitled to federal habeas relief only if he demonstrates that the state court's adjudication of the claim was an unreasonable application of Strickland.

To assess whether defense counsel performed unreasonably by failing to object to statements by the prosecutor or move for a mistrial, the court must determine whether counsel had a meritorious basis for doing so. Under Florida law, the standard for reviewing prosecutorial comments is the following:

> Wide latitude is permitted in arguing to a jury. Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments. The control of comments is within the trial court's discretion, and an appellate court will not interfere unless an abuse of such discretion is shown. A new trial should be granted when it is "reasonably evident that the remarks might have influenced the jury to

> reach a more severe verdict of guilt than it would have otherwise done." Each case must be considered on its own merits, however, and within the circumstances surrounding the complained-of remarks.

Breedlove v. State, 413 So. 2d 1, 8 (Fla. 1982) (quoting Darden v. State, 329 So. 2d 287, 289 (Fla. 1976)) (other citations omitted). This state rule is essentially the same as the federal due process standard governing allegedly improper argument by the prosecution. A prosecutor may argue both facts in evidence and reasonable inferences from those facts. Tucker v. Kemp, 762 F.2d 1496, 1506 (11th Cir. 1985) (citations omitted). But if the evidence is too insubstantial to support a reasonable inference, the prosecutor's comment will be deemed improper. *Id.* at 1507. Prosecutors must observe the distinction between the permissible practice of arguing evidence and suggesting inferences which the jury may reasonably draw from it and the impermissible practice of arguing suggestions beyond the evidence. *See* United States v. Simon, 964 F.2d 1082, 1086 (11th Cir. 1992) (citation omitted).

Attempts to bolster a witness by vouching for his credibility are improper "if the jury could reasonably believe that the prosecutor indicated a personal belief in the witness' credibility." United States v. Eyster, 948 F.2d 1196, 1206 (11th Cir. 1991) (citing United States v. Sims, 719 F.2d 375, 377 (11th Cir. 1983)). A jury could believe that the prosecutor personally believed in the witness' credibility "if the prosecutor either places the prestige of the government behind the witness, by making explicit personal assurances of the witness' veracity, or the prosecutor implicitly vouches for the witness' veracity by indicating that information not presented to the jury supports the testimony." *Id.* (citation omitted). Thus, the court must examine whether (1) the prosecutor explicitly personally assured the witness' credibility, or (2) the prosecutor implicitly vouched for the witness' credibility by implying that evidence not presented to the jury supports the witness' testimony. United States v. Castro, 89 F.3d 1443, 1457 (11th Cir. 1996) (citing Sims, 719 F.2d at 377).

However, it should be noted that "[t]he prohibition against vouching does not forbid prosecutors from arguing credibility . . . it forbids arguing credibility based on the reputation of the government office or on evidence not before the jury." United States v. Hernandez, 921 F.2d 1569, 1573 (11th Cir. 1991). Furthermore, when the prosecutor voices a personal opinion but indicates

this belief is based on evidence in the record, the comment is not improper. United States v. Granville, 716 F.2d 819, 822 (11th Cir. 1983) (finding no prosecutorial misconduct where prosecutor, in effort to support testimony of two government witnesses, only pointed to matters in evidence: the demeanor of one witness and testimony of support witnesses, as well as a tape recording corroborating the testimony of another) (citations omitted).

Finally, "the limits of proper argument find their source in notions of fairness, the same source from which flows the right to due process of law." Houston v. Estelle, 569 F.2d 372, 380 (5th Cir. 1978). "The relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)). Thus, to establish prosecutorial misconduct, a two-prong test must be satisfied: (1) the prosecutor's comments must have been improper; and (2) the comments must have rendered the trial fundamentally unfair. *See* United States v. Eyster, 948 F.2d 1196, 1206 (11th Cir. 1991) (citations omitted); Brooks v. Kemp, 762 F.2d 1383, 1400 (11th Cir. 1985) (en banc), *vacated on other grounds*, 478 U.S. 1016, 106 S. Ct. 3325, 92 L. Ed. 2d 732 (1986), *reinstated*, 809 F.2d 700 (11th Cir. 1987); Dessaure v. State, 891 So. 2d 455, 464–65 (Fla. 2004) (an order granting mistrial is required only when the error upon which it rests is so prejudicial as to vitiate the entire trial, making a mistrial necessary to ensure that the defendant receives a fair trial). If a reviewing court is confident that, absent the improper remarks, there is no reasonable probability that the outcome of the trial would have been different, the trial cannot be said to have been fundamentally unfair. *See* Brooks, 762 F.2d at 1402; Tucker v. Kemp, 802 F.2d 1293, 1296 (11th Cir. 1986).

In the instant case, Petitioner failed to show defense counsel had a meritorious basis for objecting to the prosecutor's comment on Petitioner's prior felony convictions on the ground that it violated the court's pre-trial order on a motion in limine. The day of trial, defense counsel filed a motion in limine seeking to prevent the State from "eliciting and/or any witness for the State from testifying about . . . any characterization or mention of the Defendant's court history" (Ex. J at 67). The State did not object to the motion, and the trial court instructed the witnesses: "We have agreed that certain things should not come out or be volunteered or mentioned in the course of your

testimony. That is in characterization mention [sic] of the defendant's court history . . ." (Ex. B at 50). None of the State's witnesses mentioned Petitioner's criminal history in their testimony. However, during Petitioner's testimony, defense counsel asked him whether he had been previously convicted of six felonies, and Petitioner responded, "Yes, sir." (*id.* at 170). The trial court's granting the motion in limine did not preclude the prosecutor from commenting on Petitioner's six prior felony convictions after Petitioner placed that fact in evidence. Therefore, Petitioner failed to show defense counsel had a meritorious basis to object to the comment or move for a mistrial, on the ground that the comment violated the order on the motion in limine.

With regard to the prosecutor's comment, "those officers take their job very seriously," the record demonstrates defense counsel did object to the comment as improper bolstering (Ex. B at 232). The trial court sustained the objection and instructed the jury to disregard it (*id.*). The Eleventh Circuit has stated in numerous cases that jurors are presumed to follow the court's instructions. *See, e.g.*, Ingram v. Zant, 26 F.3d 1047, 1053 (11th Cir. 1994) ("Because we presume that jurors follow such instructions, we must assume that the jury put aside any biases it may have had, applied the legal standards as enunciated in the jury instructions, and based its sentencing decision on the facts introduced at trial and sentencing."); Raulerson v. Wainwright, 753 F.2d 869, 876 (11th Cir. 1985) ("Jurors are presumed to follow the law as they are instructed."). In light of the court's instruction and Petitioner's failure to rebut the presumption that the jury followed this instruction, Petitioner failed to show defense counsel had a meritorious basis to move for mistrial on the ground that the prosecutor's comment rendered the trial fundamentally unfair. Therefore, the state court's denial of this claim, on the ground that defense counsel was not deficient because the court would not have granted a mistrial, was reasonable.

Petitioner failed to demonstrate that the state court's adjudication of his claim was based upon an unreasonable determination of the facts, or contrary to or an unreasonable application of Strickland. Therefore, he is not entitled to federal habeas relief.

IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Kenneth S. Tucker is substituted for Walter A. McNeil as Respondent.

And it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 17th day of May 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**